IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD S. LEVI, | : | CIVIL ACTION NO. **1:CV-07-1839** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| DIRECTOR HARLEY LAPPIN, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On January 28, 2008, Plaintiff Bernard S. Levi, an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), filed an Amended § 1331 civil rights and FTCA Complaint containing numerous claims, with several attached exhibits (Exs. 1-26).  (Doc. 24). Plaintiff paid the required filing fee and his initial *in forma pauperis* Motion was denied.  (Doc. 19).

On February 28, 2008, and June 2, 2008, the undersigned issued Reports and Recommendations ("R&R") in which the Amended Complaint of Plaintiff was screened under the PLRA, 28 U.S.C. § 1915A.  (Docs. 30 and 38).[1]

On June 19, 2008, the District Court adopted our Reports and Recommendations and remanded the matter to the undersigned for further proceedings. (Doc. 41).[2]  Thus, the remaining

---

1.  This action was assigned to the undersigned for pre-trial matters pursuant to 28 U.S.C. § 636(b).

2.  Pursuant to our discussion below, at the latest, Plaintiff should have requested more time to file a COM in June 2008, following the District Court's Doc. 41 Order.  However, Plaintiff waited almost nine (9) months later to request an extension of time to file a COM, without offering a reasonable excuse for his failure to make a timely request for more time.

Defendants and remaining claims are Plaintiff's First Amendment tampering of legal mail claim against Defendants Hogsten, Raleigh, Ferry and McIntyre, his First Amendment retaliation claim against Defendants Hogsten, Raleigh, Ferry and McIntyre regarding his tampering with legal mail allegations, and his FTCA professional medical malpractice claim against Defendant United States regarding his medical care for his liver condition.

On June 17, 2008, Plaintiff filed a Renewed Motion for Court-appointed Medical Expert and Appointment of Counsel. (Doc. 40).[3] At the time of the stated filing, Plaintiff's Amended Complaint was recently screened by the Court under the PLRA, and it was not yet served on the remaining Defendants. On June 20, 2008, the Court denied Plaintiff's Doc. 40 Motion. (Doc. 42).[4]

On December 12, 2008, Plaintiff filed a document entitled "Motion for Certification for Appropriate Licenced Professional Pursuant to [Pa. R. Civ. P.] 1042.3." (Doc. 79). Plaintiff's Motion was briefed. (Docs. 83 and 88). This was Plaintiff's third Motion in which he sought the Court to appoint him a medical expert.

On January 16, 2009, the Court issued a Memorandum and Order and denied Plaintiff's Motion for Appointment of a Medical Expert Witness (Doc. 79). (Doc. 91).

On December 12, 2008, remaining Defendants jointly filed a Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, for Summary Judgment. (Doc. 78). Defendants filed their support Brief with exhibits and their Statement of Material Facts ("SMF") with

---

3. Plaintiff's first Request for a medical Expert, filed on February 11, 2008, was denied without prejudice. (Docs. 25 and 26).

4. Plaintiff's Motions for Preliminary Injunction (Docs. 27 and 33) were denied by the Court on October 21, 2008. (Doc. 73).

exhibits on December 30, 2008. (Docs. 84 and 85). Plaintiff filed his opposition Brief with exhibits on January 20, 2009. (Doc. 93). Plaintiff did not file a paragraph-by-paragraph response to Defendants' SMF as required by Local Rule 56.1, M.D. Pa. Defendants filed their Reply Brief on February 2, 2009. (Doc. 96). Defendants' dispositive Motion is ripe for disposition.

**II. Discussion.**

    *1. Plaintiff's Doc. 103 Motion*

On March 2, 2009, Plaintiff filed a "Petition to File Out of Time to File Certificate of Merit for Medical Expert Pursuant to Pennsylvania Rule of Civil Procedure 1042.3(a)" **(Doc. 103).** Plaintiff failed to file a support brief, and he failed to request an extension of time within which to do so. Thus, it will be recommended that Plaintiff's Doc. 103 Motion be deemed withdrawn pursuant to Rule 7.5, M.D. Pa., based on Plaintiff's failure to file a support brief. *See Salkeld v. Tennis*, 2007 WL 2682994, * 1 (3d Cir. 2007)(Non-Precedential) (Third Circuit Court found no error with District Court's decision of deeming Plaintiff inmate's motion as withdrawn for failure to comply with M.D. Pa. Local Rule 7.5 requiring the timely filing of a supporting brief); *see also Pabaon Osvaldo v. U.S.P. Lewisburg Warden*, 2006 WL 485574, # 2, n. 4 (M.D. Pa. 2006) ("This motion [to compel discovery of Plaintiff inmate] will be deemed withdrawn pursuant to M.D. Pa. Local Rule 7.5 due to Plaintiff's failure to file a supporting brief.").[5]

Moreover, even if Plaintiff did file a support brief, his Doc. 103 Motion is without merit. In his Motion, Plaintiff states that the Court dismissed his Eighth Amendment claims in this case and

---

5. Plaintiff Levi was previously provided with copies of the pertinent Local Rules of this Court in his other cases he filed. *See, e.g.*, Doc. 8, Civil No. 93-1604, M.D. Pa.; Doc. 3, Civil No. 96-1226.

treated his claim as a negligence claim even though he did not assert a negligence claim in his Complaint. Plaintiff states that "in order to not have this case dismissed due to no fault of his own[,] Plaintiff request[s] a Certificate of Merit [COM} for a medical Expert to review his injury claims in the fairness and interest of justice." Plaintiff also requests that he be permitted to file a COM out of time. (Doc. 103).

Plaintiff claims that BOP medical staff negligently refused to treat him for his Hepatitis-C liver condition since they would not treat him with Interferon, and that they were deliberately indifferent to his serious liver condition, putting him danger of serious ailments such as diminished liver function. Plaintiff correctly named the United States as a Defendant in his Amended Complaint with respect to his FTCA claim. (Doc. 24). As stated, the Court dismissed Plaintiff's Eighth Amendment denial of proper medical care claims. (Doc. 41).

As this Court has repeatedly held, under Pa. R. Civ. P. 1042.3, a Plaintiff is required to file a COM from a medical expert with respect to a professional negligence claim against the United States.[6] Since Plaintiff Levi's claim amounts to a professional negligence claim against the United States, *i.e.* the decision of the medical professionals at the prison as to what treatment Plaintiff required for his liver condition was negligent, as the Court stated in the January 16, 2009 Memorandum and Order, the mere need for a medical expert to succeed in Plaintiff's FTCA lawsuit and the fact that Plaintiff is an inmate does not entitle Plaintiff to a court-appointed medical expert.

---

6. A COM must be filed for a Pennsylvania State professional negligence claim or the claim will be dismissed. *Velazquez v. UPMC Bedford Memorial Hospital*, 328 F. Supp. 2d 549, 558 (W.D. Pa. 2004). This Court has found that the COM requirement of Rule 1042.3 applies to cases filed in federal court, and it applies to incarcerated and *pro se* plaintiffs, such as Plaintiff Levi. See *Perez v. Griffin*, 2008 WL 2383072, * 3 (M.D. Pa.), *aff'd.* 2008 WL 5351829 (3d Cir.).

Further, simply because Plaintiff was required to file a COM with respect to his FTCA claim and he failed to timely file it, does not entitle Plaintiff to the relief he seeks in his Doc. 103 Motion, *i.e.* for the Court to allow him to file a COM out of time because he only intended to assert Eighth Amendment claims and not a negligence claim.

As the Court has previously held, simply because Plaintiff is *pro se* does not entitle him to a court-appointed medical expert to file a COM. *See Levi v. Hogsten*, Civil No. 07-1839, M. D. Pa., 1-16-09 Memorandum and Order. The Court stated in its January 16, 2009 Memorandum that it had no authority to appoint a medical expert to file a COM on Plaintiff's behalf as required for his FTCA action against the United States in which Plaintiff asserts a claim of professional medical malpractice with respect to the alleged negligent failure of the BOP medical staff to treat him properly for his Hepatitis-C condition, in part, by failing to give him the Interferon drug. Thus, Plaintiff's Motion for Appointment of a Medical Expert Witness (Doc. 79) was denied. (Doc. 91).

Therefore, the Court has held that Plaintiff will require a medical expert to prove his FTCA claim (and to file a COM) and that neither the government nor the Court was required to pay for an expert for Plaintiff. There is no dispute that Plaintiff Levi did not file a COM under Rule 1042.3 at the time he filed this action in Court or within sixty (60) days after he filed his Complaint. Plaintiff now seeks this Court to permit him to file a COM out of time. Plaintiff does not even state that he has retained a medical expert who will prepare his COM. Also, as Defendants correctly point out in their Reply Brief in support of their dispositive Motion (Doc. 96, p. 8), there is no merit to Plaintiff's contention in his opposition Brief to said Motion (Doc. 93, p. 2 and p. 11) that he is not required to file a COM since he is asserting an Eighth Amendment denial of proper medical

5

care claim and not a negligence claim. As Defendants state and as stated above, Plaintiff's Eighth Amendment claims were dismissed by the Court, and he is proceeding on his FTCA claim against the United States for medical negligence regarding the care he received for his liver condition. Thus, Plaintiff is incorrect in stating that a COM is not warranted in his case to the extent that this is the reason why he did not timely file a COM. (*Id*.).

Therefore, Plaintiff's Doc. 103 Motion should be denied on its merits if it is not deemed withdrawn, since Plaintiff has not offered a reasonable excuse for his failure to file a timely COM. Further, Plaintiff was well aware that he was raising an FTCA claim when he filed his Amended Complaint over one year ago. (Doc. 24). Plaintiff does not explain why he waited until March 2, 2009 to seek an extension of time to file his COM.

*2. Defendants' Motion to Dismiss Plaintiff's FTCA Claim*

In light of the undisputed facts of this case, we will now address the argument in Defendants' dispositive Motion that Plaintiff's FTCA claim against the United States should be dismissed for Plaintiff's failure to file a COM. We will address the remaining arguments made in Defendants' dispositive Motion with respect to Plaintiff's other claims in a separate Report and Recommendation.

In *Boyd v. U.S.*, 2006 WL 2828843, * 6 (M.D. Pa.), this Court stated that "[PA] Rule 1042.3 is indeed applicable to state law malpractice claims brought in federal court." Rule 1042.3 applies when federal courts are addressing state law professional negligence claims in both diversity and supplemental jurisdiction cases. The *Boyd* Court also stated:

> "Under Pennsylvania law, a party filing a professional liability claim must file a certificate of merit in which a professional licensed in the

> same field supplies a written statement that a reasonable probability exists
> that the actions of the defendant fell outside acceptable professional
> standards and that the actions were the cause of harm suffered by the
> plaintiff. *See Pa. R.C.P. 1042.3(a)(1)*. If a Plaintiff fails to file the required
> certificate within sixty (60) days of filing the complaint, Defendants
> may file a praecipe for entry of a judgment of *non pros*. *See* Pa. R.C.P. 1042.6

*Id.*, * 5; *See also Santee v. United States*, 2008 WL 4426060 (M.D. Pa.); *Lopez v. Brady*, 2008 WL 4415585 (M.D. Pa.).

Recently, in *Perez v. Griffin*, 2008 WL 5351829, * 2 (3d Cir. 2008)(Per Curiam), the Third Circuit affirmed this Court's finding that the COM rule is a substantive rule of state law that applies in federal court actions. In *Perez*, the Third Circuit stated, "Rule 1042.3 is a substantive state law that federal district courts must apply." (citations omitted). *Id.*

In addressing Defendants' dispositive Motion insofar as Defendants contend that Plaintiff's FTCA claim against Defendant United States should be dismissed due to Plaintiff's failure to file a COM, we agree with Defendants. (Doc. 85, pp. 17-22 and Doc. 96, p. 8).

As stated, Defendants filed a Motion to Dismiss or for Summary Judgment on December 12, 2008. (Doc. 78). In their support Brief, Defendants argue, in part, that Plaintiff's FTCA action should be dismissed against the United States since he did not file a timely COM to support his medical negligence claim against the United States in violation of PA Rule 1042.3. (*Id.*).

There is no dispute that Plaintiff failed to timely file a COM in this case. The law is clear that the COM requirement under PA Rule 1042.3 applies to our Plaintiff. Further, Plaintiff has not properly explained his failure to file a COM, and he only states that he raised an Eighth Amendment claim and not a negligence claim. (*See* Doc. 93, p. 11). Further, simply because the Court did not appoint a medical expert to prepare a COM for Plaintiff does not excuse Plaintiff's

obligation to file a COM.  As stated in the January 6, 2009 Memorandum (Doc. 91, pp. 11-12), "this Court has no authority to appoint a medical expert to file a COM on Plaintiff's behalf as required for his FTCA action against the United States in which Plaintiff asserts a claim of professional medical malpractice with respect to the alleged negligent failure of the BOP medical staff to treat him properly for his Hepatitis-C condition, in part, by failing to give him the Interferon drug."

In light of the recent *Perez* Third Circuit case, unless Plaintiff Levi can show a reasonable explanation or legitimate excuse for his failure to timely file a Rule 1042.3 COM, his FTCA medical malpractice claim against the United States is subject to dismissal without prejudice.  Also, we find that the failure of the Court to appoint a medical expert for Plaintiff does not suffice as a reasonable excuse for his noncompliance with Rule 1042.3 since, as discussed in the January 16, 2009 Memorandum, Plaintiff was not entitled to a court-appointed medical expert.

As the District Court in *Perez* stated:

> Failure to file either a certificate of merit under Rule 1042.3(a) or a
> motion for extension under Rule 1042.3(d) is fatal unless the plaintiff
> demonstrates that his or her failure to comply is justified by a
> "reasonable excuse."  *Womer v. Hillier*, 908 A.2d 269, 279-80 (Pa. 2006)
> (holding that a court may reconsider judgment entered for failure
> to comply with Rule 1042.3 if the plaintiff demonstrates a "reasonable
> excuse" for the noncompliance); *see also* Pa.R.Civ.P. 1042.6 (authorizing
> entry of non pros judgment if a malpractice plaintiff fails to comply
> with Rule 1042.3); *Walsh v. Consol. Design & Eng'g., Inc.*, No. Civ. A.
> 05-2001, 2007 WL 2844829, at * 5 (E.D. Pa. Sept. 28, 2007) ("Rule 1042.3
> is subject to equitable considerations and a party who fails to timely file
> a certificate of merit may be relieved from the requirement where the
> defaulting party provides a reasonable explanation or legitimate excuse.").

2008 WL 2383072, *2. *See also* Third Circuit decision in *Perez*, 2008 WL 5351829, * 2 ("failure to comply with Rule 1042.3 is not fatal to claims of professional liability if the Plaintiff can show 'reasonable excuse' for the noncompliance.")(citing *Womer v. Hilliker*, 908 A. 2d 269, 279-80 (Pa. 2006)).

In *Ramos v. Quien*, 2008 WL 4949896, *7 (E.D. Pa.), the Court stated:

> Under Pennsylvania law, a court may consider two equitable exceptions when a plaintiff has improperly properly filed a COM: whether the plaintiff has substantially complied with Rule 1042.3 and whether the plaintiff has offered a reasonable explanation or legitimate excuse for failure to comply. *Womer v. Hillier*, 589 Pa. 256, 908 A.2d 269, 276, 279 (Pa. 2006). In *Womer*, the Pennsylvania Supreme Court upheld the judgment of non pros entered against the plaintiff pursuant to Pa.R.Civ.P. 1042.6 because the plaintiff failed to file a COM at all. *Id*. at 278. *Womer* recognized that while compliance with Rule 1042.3 is expected, Rule 1042.3 is subject to two "equitable exceptions." *Id*. at 276. First, Pennsylvania courts have interpreted Pa.R.Civ.P. 126 to give a trial court discretion to "overlook any 'procedural defect' that does not prejudice a party's rights" if there has otherwise been "substantial compliance." *Id*. (quoting *Sahutsky v. H.H. Knoebel Sons*, 566 Pa. 593, 782 A.2d 996, 1001 (2001)) (emphasis in original). Second, a plaintiff may seek relief from judgment for failure to prosecute if the plaintiff offers a "reasonable explanation"or "legitimate excuse" for failure to comply with the COM rule under Pa.R.Civ.P. 3051. *See id*. at 279, n. 11.

> The *Womer* court noted that an entry of judgment *non pros* can be appropriate where the plaintiff does not timely file a COM and fails to take any steps to comply with Rule 1042.3. *See id*. at 278-79. The court rejected the plaintiff's argument that providing the defendant with an expert report in discovery substantially complied with the requirements of Rule 1042.3. *See id*. at 278. The plaintiff's "honest belief" that it had substantially complied was also not a "reasonable explanation" or "legitimate excuse" for failing to file a proper COM. *Id*. at 280.

Thus, "in light of the strict interpretation of Rule 1042.3 in *Womer*, ... [the federal court] was compelled to dismiss the Plaintiff's [negligence] claim without prejudice, but was equally compelled to allow him to present a 'reasonable explanation or legitimate excuse for non-compliance' with the COM requirement and that 'equitable considerations may excuse noncompliance in the appropriate case.'" *Weaver v. Univ. of Pitts. Medical Center*, 2008 WL 2942139, *7 (W. D. Pa.)(citation omitted). Accordingly, 'federal courts [apply] the two equitable considerations outlined in *Womer* to determine if an untimely filed COM may be accepted." *Ramos v. Quien*, 2008 WL 4949896, *8; *Santee v United States*, M.D. Pa. Civil No. 07-2207, March 24, 2009 Memorandum and Order (Nealon, J.).

We agree with Defendants, based on the case law they have cited and submitted (*i.e.* Doc. 85, pp. 17-22 and the attached decisions, including *Santee, supra* and *Maruca v. Hynick*, 2007 WL 675038, M.D. Pa.), as well as the case law cited herein, and particularly the recent *Perez* case, that Plaintiff Levi has failed to present a "reasonable explanation or legitimate excuse for non-compliance" with the COM requirement. As stated, and as Defendants recognize, this Court has already determined that Plaintiff was required to file a COM in this case. (Doc. 96, p. 8). Also, as stated, Plaintiff was well aware he was raising a professional negligence claim when he filed his Amended Complaint in January 2008, and he did not timely request an extension of time to file a COM.

We find that Plaintiff's mistaken belief, namely that he is still proceeding on his Eighth Amendment denial of proper medical care claim and not on a medical malpractice claim against the United States, and his erroneous contention that it is unnecessary to file a COM in this case,

10

does not amount to a reasonable excuse based on the stated case law cited herein. (Doc. 93, pp. 11-13). We thus find that Plaintiff had no reasonable excuse for his failure to timely file a proper COM in this case since the law was clear at the time of filing his Amended Complaint that Pa. Rule 1042.3 was substantive law that federal courts must apply. *See Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. Appx. 938, 944 (3d Cir. 2007); *Maruca v. Hynick*, 2007 WL 675038 (M.D. Pa.).

Therefore, we will recommend that Defendants' Motion to Dismiss or for Summary Judgment (Doc. 78) be granted insofar as Defendants request that Plaintiff's FTCA action against the United States be dismissed since he did not file a timely COM to support his professional medical negligence claim, in violation of PA Rule 1042.3.

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's "Petition to File Out of Time to File Certificate of Merit for Medical Expert Pursuant to Pennsylvania Rule of Civil Procedure 1042.3(a)" **(Doc. 103)** be deemed withdrawn for failure to file a support brief. Alternatively, it is recommended that Plaintiff's Doc. 103 Motion be denied based on its merits. It is also recommended that Defendants' Motion to Dismiss or for Summary Judgment **(Doc. 78)** be granted insofar as Defendants request that Plaintiff's FTCA action against the United States be

dismissed since Plaintiff did not file a timely COM to support his professional medical negligence claim against the United States in violation of PA Rule 1042.3.[7]

>**s/ Thomas M. Blewitt**
>**THOMAS M. BLEWITT**
>**United States Magistrate Judge**

**Dated: April 1, 2009**

---

7. As stated above, the undersigned will issue a separate Report and Recommendation regarding the remaining portions of Defendants' dispositive Motion (Doc. 78).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD S. LEVI, | : | CIVIL ACTION NO. **1:CV-07-1839** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| DIRECTOR HARLEY LAPPIN, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 1, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                    **s/ Thomas M. Blewitt**
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**

**Dated: April 1, 2009**