IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNARD S. LEVI,** | CIVIL NO. 1:CV-07-1839 |
| Plaintiff | |
| | (Judge Rambo) |
| v. | |
| | (Magistrate Judge Blewitt) |
| **DIRECTOR HARLEY LAPPIN,** *et al.,* | |
| Defendants | |

# M E M O R A N D U M

Before the court is a report and recommendation of the magistrate judge in which he addresses Plaintiff's "Petition to File Out of Time to File Certificate of Merit for Medical Expert Pursuant to Pennsylvania Rule of Civil Procedure 1042.3(a)" (doc. 103)[1] and Defendants' motion to dismiss plaintiff's Federal Tort Claim Act ("FTCA") claim. The magistrate judge recommends that Plaintiff's petition (doc. 103) be denied and Defendants' motion be granted. Plaintiff has filed objections to the report and recommendation to which Defendants have responded. The matter is ripe for disposition.

The magistrate judge's recommendation that Plaintiff's motion be dismissed or denied is based on procedural and substantive grounds. Procedurally, Plaintiff has not filed a supporting brief to his motion as required by Middle District

---

[1] Rule 1042.3(a) requires that "[i]n any action based on an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit. . . ."

Local Rule 7.5.[2] On the merits, the magistrate judge recommends denial of the motion because of Plaintiff's lack of a certificate of merit.

Plaintiff argues that he does not have an FTCA claim. He argues that his claim is an Eighth Amendment claim of deliberate indifference to a serious medical need. He therefore claims that he does not need a Certificate of Merit. However, the Eighth Amendment claim was dismissed by the court. (*See* doc. 41.)

A review of the petition (doc. 103) shows that Plaintiff seeks an extension of time to get a medical expert to review his claim. He still does not have the Certificate of Merit. On three occasions, Plaintiff has requested the appointment of a medical expert, which requests were denied. It has been pointed out to Plaintiff that, regardless of his *pro se* status, he is not entitled to a court appointed expert. In *Boring Kozakiewicz*, 833 F.2d 468 (3d Cir. 1987), the court stated:

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Id.* at 474.

Plaintiff was well aware he was raising a professional negligence claim when he filed his amended complaint in January 2008. He has not timely filed a request for an extension of time to file a Certificate of Merit. The failure to comply with Pennsylvania Rule of Civil Procedure 1042.3 is fatal to the FTCA claim. The Certificate of Merit requirement applies to cases filed in federal court and applies to

---

[2]Plaintiff previously was provided pertinent local rules of court and Federal Rules of Procedure in this case and in numerous other cases and is, therefore, well aware of this rule. (*See*, *e.g.*, Civil No. 1:CV-93-1604, doc. 8 and 1:CV-96-1226, doc. 3).

all plaintiffs including *pro se* and incarcerated plaintiffs. *Perez v. Griffin*, 2008 WL 2383072 *3 (M.D. Pa.), *aff'd* 2008 WL 5351829 (3d Cir.).

The failure to comply with this requirement is deemed a failure to state a claim. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: June 22, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNARD S. LEVI,** | CIVIL NO. 1:CV-07-1839 |
| Plaintiff | |
| | (Judge Rambo) |
| v. | |
| | (Magistrate Judge Blewitt) |
| **DIRECTOR HARLEY LAPPIN,** *et al.,* | |
| Defendants | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Blewitt.

2) Plaintiff's motion for leave to file out of time a Certificate of Merit (doc. 103) is **DENIED**.

3) Defendants' motion to dismiss Plaintiff's FTCA claim is **GRANTED**.

4) The captioned action is remanded to Magistrate Judge Blewitt for further proceedings.

                                                        s/Sylvia H. Rambo
                                                       United States District Judge

Dated: June 22, 2009.