IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD S. LEVI, | : | CIVIL NO. 1:CV-07-1839 |
| Plaintiff | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| DIRECTOR HARLEY LAPPIN, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

Before the court is a motion for reconsideration, notice of appeal and motion to proceed *in forma pauperis* on appeal. Presumably, the motion for reconsideration goes to the memorandum and order of this court dated June 22, 2009.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F.

Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his motion for reconsideration, Plaintiff recites his original arguments which have been addressed. He does not raise any new arguments or case law that were not previously argued. Therefore, the motion for reconsideration will be denied.

It is not apparent whether Plaintiff seeks to take an appeal to the Third Circuit Court of Appeals from this court's June 22, 2009 memorandum and order. Plaintiff should seek leave from the court of appeals as to this request.

**IT IS THEREFORE ORDERED THAT**:

1) The motion for reconsideration is **DENIED**.

2) The request for leave to appeal and to appeal *in forma pauperis* is **DENIED**.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 17, 2009.